

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 6, 1963

Honorable Doug Crouch
Criminal District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. C- 10

Re: Docketing of cases in
the Probate Court of
Tarrant County.

Dear Mr. Crouch:

Your request for an opinion reads as follows:

"This office has been asked to re-
quest an opinion from the Attorney General
concerning the following question:

"In view of the provisions of Art.
1970, Section 3, V.C.S. providing
for the county clerk to alternate
cases in the respective courts, is
the county clerk obliged to allow
clerks appointed by the respective
courts to interview patients prior
to receiving applications and assign-
ing them alternately to either the
Tarrant County Probate Court or the
County Court.

"In connection with the above question
it appears that Art. 1970, Section 15, V.C.S.
provides for a clerk to be appointed by the
Judge of the County Probate Court. It ap-
pears that no specific duties are assigned
such clerk. No such duties having been as-
signed such clerk the court has adopted a
practice of requiring such clerk appointed
by him to interview alleged mentally ill
persons prior to the processing of the ap-
plication and the assigning of said cases
alternately to the respective courts.

-37-

"It would seem that the plain provisions of Art. 1970 V.C.S. providing that all proceedings be filed with the county clerk and that he alternate such cases so filed to the respective courts that it is within the province of the county clerk alone to receive and file applications and assign them alternately. Further, the Mental Health Code contemplates (Art. 5547-12 V.C.S.) that all applications, petitions, certificates and all other papers permitted or provided to be filed in the county court by this Code shall be filed with the county clerk of the proper county who shall file the same and endorse on each paper the date filed and the docket number and his official signature.

"Art. 1970, Section 3 and Art. 5547-12 having specifically assigned the duty of receiving, docketing, and alternating cases in the various courts, it would appear that such duties are to be carried out and executed exclusively by the county clerk and deputies appointed by him. Any other procedure would make it impossible for him to alternate cases for the reason that he could not know whether an application would actually be received prior to receiving the results and attitude of the interviewing clerk so appointed by the court. While it is generally accepted that courts may establish certain procedures in connection with the processing of matters before them and it is true further that the filing of a case or docketing in either of these courts is for all purposes in full force and effect as though it were filed in the other, the statutes having clearly prescribed the procedure and it appears therefore that both the county clerk and the respective courts are obliged to follow the statutory mandates.

"The county officials concerned are awaiting your opinion in this matter so that they may act accordingly."

The Probate Court of Tarrant County was created in 1957 by the provisions of House Bill 662, Acts of the 55th Legislature, Regular Session, 1957, chapter 400, page 1204, codified in Vernon's as Article 1970-345, Vernon's Civil Statutes. Section 3 of this Act required:

" . . . All such new matters and proceedings /within the jurisdiction of the Probate Court of Tarrant County and the County Court of Tarrant County/ filed on said day /first day of the initial term of the Probate Court/, or thereafter filed with the County Clerk of Tarrant County, irrespective of the Courts or Judge to which the matter or proceeding is addressed, shall be filed by said Clerk alternately in said respective Courts in the order in which the same are deposited with him for filing, beginning first with the County Court of Tarrant County. . . ."

Section 3 was amended by the provisions of Senate Bill 435, Acts of the 56th Legislature, Regular Session, 1959, chapter 334, page 739, by inserting therein the following provisions:

" . . . No proceeding had in either of said courts, nor any order entered therein, shall be invalied because of any failure of said clerk to file new matters and proceedings alternately as above provided. . . ."

In addition thereto, Section 15a was added to the Act creating the Probate Court of Tarrant County by the 1959 Act and provides:

"No action taken, nor any order made or entered, nor any application, pleading, motion, bond, citation, return of citation filed, nor any other proceeding had in the County Court of Tarrant County or in the Probate Court of Tarrant County, heretofore or hereafter, shall ever be held invalid because done in either of said courts, or because of erronrous reference therein to either of said courts by the name of the other of said courts, and as against any complaint or charge of such nature,

all of the same heretofore done are hereby
validated for every purpose."

In view of the 1959 amendments to Article 1970-345,
Vernon's Civil Statutes, above referred to, you are advised
that the County Clerk is directed to file all such matters
and proceedings over which the County Court of Tarrant County
and the Probate Court of Tarrant County have concurrent juris-
diction, alternately in the respective courts, but the failure
to so file will not invalidate any order entered on such mat-
ters.

Turning to your question concerning the duties of the
clerk employed by the Judge of the Probate Court, Section 15 of
House Bill 662, Acts of the 55th Legislature, Regular Session,
1957, chapter 400, page 1204 at page 1206 provided:

"The Commissioners Court of Tarrant County
shall provide a secretary for the Judge of the
Probate Court of Tarrant County, and such other
and additional clerical assistants as may be re-
quired to properly carry on the business of said
Court, at salaries to be fixed by the Commissioners
Court."

Section 15 of this Act was amended by House Bill 626,
Acts of the 57th Legislature, Regular Session, 1961, chapter
485, page 1083, so that it now provides:

"The Commissioners Court of Tarrant County
shall provide the following employees for the
Judge of the County Probate Court of Tarrant
County: (a)  a secretary to be paid not less
than Four Thousand, One Hundred and Forty Dol-
lars ($4,140) per annum, and (b) a chief clerk
to be paid not less than Six Thousand Dollars
($6,000) per annum, at salaries to be fixed by
the Commissioners Court but not less than the
figured indicated, which salaries shall be paid
monthly out of the County Treasury by the Com-
missioners Court from any funds available for
this purpose, provided, however, that the Judge
of the County Probate Court of Tarrant County
is hereby authorized to employ, supervise, and
terminate each and every one of said employees.
The Commissioners Court of Tarrant County may
also provide such other and additional clerical

assistance as may be required to properly
carry on the business of said Court at sala-
ries to be fixed by the Commissioners Court."
(Emphasis added).

It is noted by the underlined portion of Section 15 of
Article 1970-345, Vernon's Civil Statutes, quoted above,
that the clerk employed pursuant to its provisions is under
the supervision of the Judge of the Probate Court. Therefore,
it is the duty of such clerk to perform such functions under
all matters previously filed in the Probate Court as may be
directed by the Judge of the Probate Court of Tarrant County.

Section 13 of Article 1970-345, Vernon's Civil Statutes,
provides that the County Clerk shall be the clerk of the Pro-
bate Court and his duties are prescribed by the provisions of
Section 3 of Article 1970-345. Whenever an application or
petition is deposited with the County Clerk for filing, it
is the duty of the County Clerk to immediately file such ap-
plication or petition in the proper court. We know of no
provision which would authorize the County Clerk to delay the
filing of an application or petition deposited with him for
filing.

You are therefore advised that the County Clerk is not
authorized to delay filing of an application or petition which
has been deposited with him for filing pending an interview of
an alleged mentally ill person named in the pleading. In this
connection, you are advised that the clerk employed by the
Judge of the Probate Court pursuant to the provisions of Sec-
tion 15 of Article 1970-345, Vernon's Civil Statutes, has no
duty concerning matters not pending in the Probate Court of
Tarrant County.

### S U M M A R Y

The County Clerk of Tarrant County is di-
rected by the provisions of Section 3 of
Article 1970-345, Vernon's Civil Statutes,
to file all matters filed with him over
which the Probate Court of Tarrant County
and the County Court of Tarrant County have
concurrent jurisdiction, alternately in the
respective courts in the order in which the
same are deposited with him for filing,
beginning with the County Court of Tarrant
County. Failure to so file, however, will

Hon. Doug Crouch, page 6 (C- 10 )

not invalidate any order entered by said
courts on such matters, because of any
failure of the County Clerk to file such
matters alternately.

The County Clerk is not authorized to
delay the filing of an application or
petition deposited with him for filing
until an alleged mentally ill person
named in the pleading has been interview-
ed.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Norman Suarez
H. Grady Chandler
Ben Harrison
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone